UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| RAYMOND BATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-865 |
| | ) | |
| J&E COLLECTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, RAYMOND BATES ("Plaintiff"), through his attorney, Agruss Law Firm, LLC, alleges the following against Defendant, J&E COLLECTIONS, INC. ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq. ("EFTA").

3. Count III of Plaintiff's Complaint is based on the Michigan Occupational Code, Mich. Comp. Law § 339.901 et seq. ("MOC").

**JURISDICTION AND VENUE**

4. This court has jurisdiction of the FDCPA claim pursuant to 15 U.S.C. § 1692k(d), which states that FDCPA actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. This Court has jurisdiction of the EFTA claim pursuant to § 1693m(g) and 28 U.S.C. §§ 1331 and 1337 as Plaintiff's claims arise under the laws of the United States.

1

6. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

7. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

8. Plaintiff is a natural person residing in Manton, Wexford County, Michigan.

9. Plaintiff is a consumer as that term is defined by the FDCPA and MOC.

10. Plaintiff allegedly owes a debt as that term is defined by FDCPA and MOC.

11. Plaintiff's personal checking account is an "account" as that term is defined by the EFTA.

12. Defendant is a debt collector as that term is defined by FDCPA and MOC.

13. Defendant is a "financial institution" as that term is defined by the EFTA.

14. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

15. Defendant is a collection agency located in the City of Riverside, Riverside County, State of California.

16. Defendant is a business entity engaged in the collection of debt within the State of Michigan.

17. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

18. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

19. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

20. During the course of its attempts to collect debts allegedly owed to third parties, Defendant

sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

21. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

22. Defendant is attempting to collect an alleged consumer debt from Plaintiff originating with Sprint.

23. The alleged debt at issue arises from transactions for personal, family, and household purposes.

24. In or around January 2023, Defendant began placing collection calls to Plaintiff on his telephone at 231-429-xxxx, in an attempt to collect the alleged debt.

25. Defendant calls Plaintiff from 888-271-0264, which is one of Defendant's telephone numbers.

26. In or around January 2023, one of Defendant's female collectors reached Plaintiff and had a discussion with him. During the above-mentioned conversation:

    a. Defendant's female collector threatened to garnish Plaintiff's paycheck if he did not make a payment that day.

    b. Defendant's collector did not disclose that the statute of limitations had passed on the alleged debt.

27. As a result of the above-mentioned conversation, Plaintiff authorized a one-time payment of $40.00 to Defendant.

28. On or about March 5, 2023, Defendant without Plaintiff's permission or authorization,

express or implied, withdrew $108.67 from Plaintiff's personal checking account.

29. On or about March 6, 2023, Plaintiff called Defendant, informed them that he did not consent to the withdrawal, and asked that they cease all further withdrawals and return the funds.

30. To date, Defendant has not returned the funds.

31. To date, Defendant has not taken legal action against Plaintiff.

32. Defendant never intended to take legal action against Plaintiff.

33. If the alleged debt is owed, the statute of limitations has passed.

34. Defendant engaged in the foregoing conduct with intent to annoy, abuse or harass Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

35. Plaintiffs repeat and re-allege paragraphs one (1) through thirty-four (34) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

36. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant engaged in engaged in, at least, the following discrete violations of § 1692e;

    b. Defendant violated § 1692e(4) of the FDCPA by falsely representing or implying that nonpayment of any debt will result in the arrest or imprisonment of any person or the garnishment of any property or wages unless such action is lawful and the debt collector intends to take such action, when Defendant falsely represented it could garnish Plaintiff's wages;

    c. Defendant violated § 1692e(10) of the FDCPA by using any false representation

4

or deceptive means to collect or attempt to collect any debt, when Defendant falsely represented Plaintiff that Defendant would garnish Plaintiff' wages and created a false sense of urgency by telling Plaintiff that he needed to make a payment "today" in order to avoid garnishment;

d. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when Defendant misrepresented the status of the debt by not disclosing to Plaintiff that the debt was past the statute of limitations; and

e. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, RAYMOND BATES, respectfully request judgment be entered against Defendant, J&E COLLECTIONS, INC., for the following:

37. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

38. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

39. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ELECTRONIC FUND TRANSFER ACT

40. Plaintiff repeats and re-alleges paragraphs one (1) through thirty-four (34) of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

41. Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in

writing, and a copy of such authorization shall be provided to the consumer when made."

42. Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p ]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

43. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." Id. at ¶10(b), comment 5. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." Id. at ¶10(b), comment 6.

44. In multiple instances, Defendant has debited Plaintiff's bank account on a recurring basis without obtaining a written authorization signed or similarly authenticated from Plaintiff for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

45. In multiple instances, Defendant has debited Plaintiff's bank account on a recurring basis without providing to Plaintiff a copy of a written authorization signed or similarly authenticated by Plaintiff for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

WHEREFORE, Plaintiff, RAYMOND BATES, respectfully request judgment be entered against Defendant, J&E COLLECTIONS, INC., for the following:

46. Statutory damages of $1,000.00 pursuant to the Electronic Fund Transfer Act, §916(a)(2)(A);

47. Actual damages;

48. Costs and reasonable attorneys' fees pursuant to the Electronic Fund Transfer Act, §916(a)(3); and

49. Any other relief that this Honorable Court deems appropriate.

## COUNT III
## DEFENDANT VIOLATED THE MICHIGAN OCCUPATIONAL CODE

50. Plaintiff repeats and re-alleges paragraphs one (1) through thirty-four (34) of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

51. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the MOC including, but not limited to, the following:

    a. Defendant violated §339.915(e) by making a misleading of deceptive statement regarding the alleged debt when it failed to disclose that the statute of limitations on the alleged debt had passed;

    b. Defendant violated §339.915(f)(i) of the MOC by misrepresenting the legal status of a legal action being taken or threatened, when Defendant falsely represented that Plaintiff's wages would be garnished; and

    c. Defendant violated §339.915(n) of the MOC by using a harassing, oppressive or abusive method to collect a debt, when Defendant created a false sense of urgency and falsely represented that Defendant would garnish Plaintiff's wages if he did not make a payment that day;

WHEREFORE, Plaintiff, RAYMOND BATES, respectfully request judgment be entered against Defendant, J&E COLLECTIONS, INC., for the following:

7

52. Statutory damages of $150.00 pursuant to the Michigan Occupational Code, Mich. Comp. Law § 339.916(2);

53. Costs and reasonable attorneys' fees pursuant to the Michigan Occupational Code, Mich. Comp. Law § 339.916(2); and

54. Any other relief that this Honorable Court deems appropriate.

DATED:  August 16, 2023            RESPECTFULLY SUBMITTED,

By:/s/ Michael S. Agruss
    Michael S. Agruss
    Agruss Law Firm, LLC
    4809 N. Ravenswood Ave.
    Suite 419
    Chicago, IL 60602
    Tel: 312-224-4695
    Fax: 312-253-4451
    michael@agrusslawfirm.com
    Attorney for Plaintiff